SOLOMON TENENBAUM, Doing Business as S. TENENBAUM SON & Co., Respondent, *v.* GEORGE M. DUNLOP and Others, Copartners, Doing Business under the Firm Name and Style of JOHN DUNLOP'S SONS, Appellants. (Action No. 1.)

First Department, April 7, 1922.

**Trial — consolidation of actions rests in discretion of court — action by defendants on eight contracts brought in Rockland county will not be removed to New York county and consolidated with three actions by plaintiff on six of said contracts — good faith not shown.**

An action instituted in Rockland county by the defendant on eight separate contracts for the sale of goods should not be removed to New York county and consolidated with three actions in that county upon six of the contracts, where it appears that the parties can litigate all of the issues in the action instituted by the defendant and that, prior to the application for an order consolidating the actions, a motion to change the venue from Rockland county to New York county on the ground of the convenience of witnesses was denied.

That the moving cause for the consolidation is not to avoid a multiplicity of suits, as claimed by the plaintiff, is shown by the fact that the plaintiff instituted three separate suits on six of the contracts and reserved his right of action upon the other two contracts, and furthermore, if the plaintiff had intended in good faith to remove the Rockland county action to New York county for the purpose of consolidation, he should have made that the ground of his first motion.

APPEAL by the defendants, George M. Dunlop and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of December, 1921, removing an action pending in the Supreme Court in Rockland county to New York county, and consolidating the same with three other actions pending in the Supreme Court in New York county between the same parties.

*Thomas Gagan* of counsel [*Frank Comesky* with him on the brief], for the appellants.

*Joseph, Demov & Feinstein* [*I. Maurice Wormser* of counsel; *Jacob S. Demov* and *John Jerome Rooney* with him on the brief], for the respondent.

PAGE, J.:

The actions arise out of eight separate contracts for the sale of goods, both parties claiming that the other had broken the contracts.

The plaintiff brought three actions in the Supreme Court of the county of New York upon six of these contracts, alleging the defendant's breach. The defendants thereafter brought an action in the Supreme Court of Rockland county upon all eight contracts, alleging the breach by the plaintiff herein of the said contracts.

A motion was made at Special Term, Rockland county, to change the venue from Rockland to New York county, on the ground of the convenience of witnesses. This motion was denied and an appeal taken from the order to the Appellate Division, Second Department, where the order was affirmed. (*Dunlop* v. *Tenenbaum*, 200 App. Div. 843.) The plaintiff then made the application to have the said cause of action consolidated with the first action and also for the consolidation of the other two actions brought in New York county, and the removal of the Rockland county action for the purpose of such consolidation. The action in Rockland county involves the issues arising under all of the contracts between the parties, and, therefore, all the issues can be tried out in that one case. There is no necessity of removing that action to New York county for the purpose of consolidation, because the parties can litigate all the issues in that one action that they could in the consolidated action. One of the reasons alleged for the consolidation is that it will avoid a multiplicity of suits. That this is not the moving cause appears from the fact that the plaintiff instituted three separate suits and reserved his right of action upon the other two contracts. Therefore, he has instituted three and had the possibility of instituting one or two additional actions. If he had intended in good faith to remove the Rockland county action to New York county for the purpose of consolidation he should have made that the ground of his first motion. If his motion to remove on the ground of the convenience of witnesses had been granted, there would have been four actions instead of three pending in New York county.

The matter of consolidating actions rests in the discretion of the court, and in my opinion, when there is an action pending in the Supreme Court in another county in which one action all the issues can be determined more speedily than they could in this county, it was not in the interest of substantial justice that that action should be removed for accomplishing the same purpose that would be served by trial of the one action in Rockland county. The only practical result is to secure a delay of the trial of the issues, which is prejudicial to the plaintiffs in the Rockland county action.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied.